275

**No. 59360.**—Adorence Co. et al. *v.* United States, protests 175625–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 59361.**—Baar & Beards, Inc., and Taub, Hummel & 'Schnall, Inc., et al. *v.* United States, protests 178297–K, etc. (New York).

OPINION by FORD, J. In accordance with stipulation of counsel that the merchandise consists of articles of wearing apparel, composed wholly or in chief value of silk, similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 59362.**—Kassin Bros., Inc., et al. *v.* United States, protests 236194–K, etc. (New York).

Opinion by FORD, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the merchandise was held dutiable as follows: (1) The items entered or withdrawn from warehouse for consumption prior to June 6, 1951, at 35 percent ad valorem under paragraph 1210, as modified by T. D. 51802; and (2) the items entered or withdrawn from warehouse for consumption on and after June 6, 1951, at 32½ percent under said paragraph, as modified by T. D. 52739.

**No. 59363.**—C. J. Scarf & Novelty Co. et al. *v.* United States, protests 240582–K, etc. (New York).

Opinion by Ford, J. In accordance with stipulation of counsel that the merchandise consists of articles of wearing apparel similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the merchandise was held dutiable as follows: (1) The items entered or withdrawn from warehouse for consumption prior to June 6, 1951, at 35 percent ad valorem under paragraph 1210, as modified by T. D. 51802; and (2) the items entered or withdrawn from warehouse for consumption on and after June 6, 1951, at 32½ percent under said paragraph, as modified by T. D. 52739.

**No. 59364.**— Kassin Bros., Inc., et al. *v.* United States, protests 247940-K, etc. (New York).

Opinion by Ford, J. In accordance with stipulation of counsel that the merchandise consists of silk scarves or squares similar in all material respects to those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

**No. 59365.**—Ch. Chraime et al. *v.* United States, protests 261649–K, etc. (New York).

Opinion by Ford, J. In accordance with stipulation of counsel that the merchandise consists of scarves or squares the same in all material respects as those the subject of *United States* v. *The Specialty House, Inc., Bryant & Heffernan, Inc., et al.* (42 C. C. P. A. 136, C. A. D. 585), the claim of the plaintiffs was sustained.

BEFORE THE THIRD DIVISION, OCTOBER 20, 1955

**No. 59366.**—A. V. Olsson Trading Co., Inc. *v.* United States, protests 194279–K, etc. (San Francisco).

Opinion by Ekwall, J. In view of the agreement of counsel, the protests were dismissed.